A CERTIFIED TRUE COPY
ATTEST

By Dana Stewart on Feb 03, 2010

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Feb 03, 2010

FILED
CLERK'S OFFICE

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION

MDL No. 2036

## TRANSFER ORDER

**Before the entire Panel**[*]: Defendants in each action on the attached Schedule A move pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its orders conditionally transferring these five actions to the Southern District of Florida for inclusion in MDL No. 2036.  Plaintiffs in each action oppose the motions and favor inclusion of their respective actions in MDL No. 2036.

After considering all argument of counsel, we find that these five actions involve common questions of fact with actions in this litigation previously transferred to the Southern District of Florida.  Transfer of the actions to the Southern District of Florida for inclusion in MDL No. 2036 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  We further find that transfer of the actions is appropriate for reasons that we set out in our original order directing centralization in this docket.  In that order, we held that (1) the Southern District of Florida was a proper Section 1407 forum for actions involving claims relating to the alleged improper imposition of bank checking account overdraft fees; and (2) while there are some unique questions of fact from bank-to-bank, all actions share sufficient factual questions relating to industry-wide bank posting policies and procedures to warrant centralization of all actions in one MDL docket.  *See In re Checking Account Overdraft Litigation*, 626 F.Supp.2d 1333 (J.P.M.L. 2009).  The five actions now before the Panel clearly fall within the scope for this MDL docket established by the Panel.

Some defendants oppose inclusion arguing that plaintiffs' claims are subject to arbitration.  Arbitration clauses are, however, often included in checking account customer agreements.  The question of the arbitrability of overdraft claims is already before the MDL No. 2036 transferee court.  Inclusion of these actions will lead to the consistent and expeditious consideration of this threshold issue.  *See In re: Checking Account Overdraft Litigation*, 2009 WL 4572857 (J.P.M.L. Dec. 1, 2010) and 2009 WL 3460951 (J.P.M.L. Oct. 7, 2009).

---

[*]   Judges Heyburn and Hansen took no part in the disposition of this matter.

-2-

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the five actions on the attached Schedule A are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable James Lawrence King for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

                                    PANEL ON MULTIDISTRICT LITIGATION

                                    _____
                                       Robert L. Miller, Jr.
                                        Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Kathryn H. Vratil |
| David R. Hansen[*] | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager |



Certified to be a true and correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court
Southern District of Florida
By __Gracie Gomez__   Deputy Clerk
Date __02-12-10__

IN RE: CHECKING ACCOUNT
OVERDRAFT LITIGATION                                            MDL No. 2036

## SCHEDULE A

      <u>Northern District of Georgia</u>

Lawrence D. Hough, et al. v. Regions Financial Corp., C.A. No. 1:09-2545

      <u>District of Maryland</u>

Maxine Aarons Given v. M&T Bank Corp., C.A. No. 1:09-2207

      <u>District of New Jersey</u>

Virgilio S. Casayuran, Jr. v. PNC Bank, N.A., C.A. No. 2:09-5155

      <u>Middle District of North Carolina</u>

Doris Powell-Perry v. Branch Banking & Trust, Inc., et al., C.A. No. 1:09-619
Lacy Barras v. Branch Banking & Trust Co., C.A. No. 1:09-678